**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RODERICK MOORE,<br><br>Petitioner<br><br>v.<br><br>ANDY CRUZ,<br><br>Respondent. | CIVIL ACTION NO. 3:26-CV-01291<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

Petitioner Roderick Moore ("Moore"), an inmate incarcerated at the Federal Correctional Institution Schuylkill ("FCI- Schuylkill") in Minersville, Pennsylvania, instituted this action through the filing of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Moore asks the Court to find that the Bureau of Prisons ("BOP") is overstepping its executive function in interpreting the law of the First Step Act ("FSA"), resulting in him being found ineligible for earned time credits. (Doc. 1). The BOP is required to perform any interpretation of the law and correctly applied 18 U.S.C. § 3632. Therefore, the Court will dismiss the petition pursuant to Rule 4 and close the case.

## I. Background and Procedural History

Moore submits that the BOP erroneously interpreted 18 U.S.C. § 3632 and looked at his PSR in determining his eligibility for earned time credits under the FSA. (Doc. 1). Moore repeatedly alludes to a finding that he was found to have held a leadership role in the underling conviction. (Doc. 1). He alleges that that BOP miscoded his conviction at 960, which translates to a conviction as "knowingly importing or exporting a mixture or substance pertaining to heroin." (Doc. 1).

On May 13, 2026, the Court issued an administrative order requiring Moore to pay the requisite filing fee or file a motion to proceed *in forma pauperis*. (Doc. 3). On June 16, 2026, the Court received and docketed Moore's motion to proceed *in forma pauperis*. (Doc. 6). On July 2, 2026, the Court received and docketed a prisoner trust fund account statement for Moore. (Doc. 11). On July 2, 2026, the Court entered an order denying Moore's motion to proceed *in forma pauperis*. (Doc. 12). In July 22, 2026, the Court received Moore's filing fee. The Court will now screen the complaint pursuant to Rule 4.

## II. VENUE

A § 2241petition must be filed in the district where the petitioner is in custody. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494–95 (1973) ("The writ of habeas corpus does not act upon the person who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.") Moore is housed at FCI-Schuylkill in Schuylkill County, Pennsylvania, which is located in this district. *See* 28 U.S.C. § 118(b). Therefore, this Court is the proper venue for the action.

## III. DISCUSSION

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4. District courts have the discretion to apply this rule in habeas corpus cases brought under 28 U.S.C. § 2241. 28 U.S.C. § 2254 Rule 1.

The FSA allows eligible inmates who successfully complete evidence-based recidivism reduction programs or productive activities to receive time credits to be applied toward time in pre-release custody or supervised release. *See* 18 U.S.C. § 3632(d)(4)(A), (C). An inmate

can earn ten (10) days of credit for every thirty (30) days of successful participation. *See* 18 U.S.C. § 3632(d)(4)(A)(i). Furthermore, eligible inmates assessed at a minimum or low risk of recidivism who do not increase their risk of recidivism over two (2) consecutive assessments may earn five (5) additional days of time credit for every thirty (30) days of successful participation, for a total of fifteen (15) days' time credit per thirty (30) days' successful participation. *See* 18 U.S.C. § 3632(d)(4)(A)(ii).

The FSA contains multiple eligibility requirements, including an extensive list of convictions that render a prisoner ineligible for ETC. *See* 18 U.S.C. § 3632(d)(4)(D). This list of convictions is at issue in this petition. Specifically, Petitioner alleges that his underlying conviction under 21 U.S.C. § 841(A)(1) for the distribution of and possession with intent to distribute 400 grams or more of fentanyl Is not listed as a disqualifying offense under the FSA. (Doc. 1.)

However, Section 3632 includes the following conviction as disqualifying under the FSA:

> Subparagraph (A)(vi) or (B)(vi) of section 401(b)(1) of the Controlled Substances Act (21 U.S.C. 841(b)(1)) or paragraph (1)(F) or (2)(F) of section 1010(b) of the Controlled Substances Import and Export Act (21 U.S.C. 960(b)), relating to manufacturing, distributing, dispensing, or possessing with intent to manufacture, distribute, or dispense, a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, or any analogue thereof.

18 U.S.C. § 3632(d)(4)(D)(lxvi).

The compound of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide is commonly known as Fentanyl. *Severino v. Warden, FCI Fort Dix*, No. 23-3114, 2024 WL 208964, *3 n.2 (D.N.J. Jan. 19, 2024).

In reviewing the documents attached to the petition, the Court finds that Moore was correctly found ineligible for earned time credits under the FSA. The indictment in his underlying criminal case identifies Court Four as follows:

> On or about May 5, 2022, within the Southern District of Ohio, and elsewhere, the defendant, RODERICK MOORE, did knowingly and intentionally possess with the intention to distribute mixtures and substances containing 40 or more grams of a detectable amount of fentanyl, a Schedule II controlled substance.
>
> In violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 18 U.S.C. § 2.

(Doc. 1-10, p. 2). Moore's plea agreement demonstrates that he pled guilty to Count Four. (Doc. 1-9). The judgment of sentence in the criminal case states that Moore pleaded guilty to count four of the indictment. (Doc. 1-2). Therefore, Moore's underlying criminal conviction was "relating to manufacturing, distributing, dispensing, or possessing with intent to manufacture, distribute, or dispense, a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, or any analogue thereof." The BOP correctly applied the letter of the law under 18 U.S.C. § 3632(d)(4)(D)(lxvi). Furthermore, Moore's Sentence Monitoring Computation Data codes his offense "422; 21:841; 960 DRUG-PHYNYL, FSA," which is consistent with the criminal indictment, the plea agreement, and the judgment. (Doc. 1-3). There is nothing to support Moore's assertions that the BOP exceeded its executive authority in applying 18 U.S.C. § 3632(d)(4)(D)(lxvi) and finding him ineligible under the FSA. The Court will dismiss Moore's petition.

## IV. CONCLUSION

For the above stated reasons, the Court will dismiss the petition pursuant to Rule 4 and close the case. An appropriate order follows.

**Dated: August 6, 2026**

s/ Karoline Mehalchick

**KAROLINE MEHALCHICK**
**United States District Judge**